UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 21 2001

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

FRIENDS OF THE CHOCTAW )
TERMINAL; )
ARKANSAS RAILROAD )
PRESERVATION AND HISTORIC )
SOCIETY; and )
ROBERT G. HOOKS, )
         Plaintiffs, )
 )
    v. )
 )
U.S. ARMY CORPS OF ENGINEERS; )
GENERAL ROBERT FLOWERS, )
Chief of Engineers, )
US Army Corps of Engineers; )
COL. BENJAMIN H. BUTLER, )
District Engineer, Little Rock District, )
U.S. Army Corps of Engineers; )
NATIONAL ARCHIVES AND )
RECORDS ADMINISTRATION, )
JOHN W. CARLIN, ARCHIVIST OF )
THE UNITED STATES; )
CITY OF LITTLE ROCK, ARKANSAS; )
WILLIAM J. CLINTON )
PRESIDENTIAL FOUNDATION )
         Defendants )
_____ )

CASE No. 4-01-CV-00793

COMPLAINT

This case assigned to District Judge Eisele
and to Magistrate Judge Jones

## INTRODUCTION

1. Plaintiff, Friends of the Choctaw Terminal, is an unincorporated group of individuals interested in Historic Preservation of the Choctaw Terminal complex, Plaintiff, Arkansas Railroad Preservation & Historic Society is an unincorporated group interested in Historic Preservation of the Choctaw Terminal complex, and Robert G. Hooks, the individual named Plaintiff, is a citizen of Little Rock, Arkansas interested in historic preservation. These

DOCUMENT NUMBER
1

Plaintiffs bring this action seeking declaratory and injunctive relief against the U.S. Army Corps of Engineers (Army Corps) for failing to comply with Section 106 of the National Historic Preservation Act (NHPA), 16 U.S.C. § 470f, prior to issuing any permit to the City of Little Rock and/or the William J. Clinton Presidential Foundation; seeking declaratory and injunctive relief against the National Archives and Records Administration (NARA) for failing to comply with Section 106 of the National Historic Preservation Act (NHPA); seeking declaratory and injunctive relief against the City of Little Rock, Arkansas (City) for failing to comply with Section 106 of the National Historic Preservation Act (NHPA); seeking declaratory and injunctive relief against the William J. Clinton Presidential Foundation (Foundation) for failing to comply with Section 106 of the National Historic Preservation Act (NHPA).

2. The Army Corps violated Section 106 by failing to take steps to determine the Lead Federal Agency under the NHPA, and failed to take into account the effects of the proposed permit on historic properties, in effect, unilaterally determining that the project would have "no effect" on historic properties, without affording the Arkansas State Historic Preservation Officer (SHPO) or the federal Advisory Council on Historic Preservation (ACHP) 15 days to comment on the determination, as required by the Section 106 regulations, 36 C.F.R. § 800.5(b) (1998).

3. The City of Little Rock, Arkansas violated Section 106 by failing to take steps to determine the Lead Federal Agency under the NHPA, and in failing to take into account the effects of the proposed permit on historic properties, thus circumventing the Section 106 process.

4. The National Archives and Records Administration violated Section 106 by failing to take steps to determine the Lead Federal Agency under the NHPA, and by failing to take into account the effects of is actions and potential actions on historic properties at the Clinton Library site, knowing that NARA would be advising the Foundation on the archival and architectural

2

specifications necessary for the William Jefferson Clinton Presidential Library before, during and after construction and making a report to the United States Congress regarding the Foundation's compliance and ability to fund and maintain the Library and archives.

5. The Defendant City of Little Rock is the owner by virtue of an eminent domain proceeding of the subject property located at 1115 E. Second Street, Little Rock, Arkansas, which has been known as the May Supply Building, and which encompasses the Historic structure known as the Choctaw Freight Depot.

6. The Defendant City of Little Rock has accepted a bid for the demolition of the May Supply Building, which encompasses the historic structure known as the Choctaw Freight Depot, has passed a resolution on November 20, 2001 authorizing the demolition of the May Supply Building, and has put into motion the process which will culminate in the ultimate demolition and destruction of the May Supply Building, which encompasses the historic structure known as the Choctaw Freight Depot.

7. The Defendant City of Little Rock is acting in futherance of agreements with the William J. Clinton Presidential Foundation (hereinafter "Foundation") to provide to the Foundation with a "site ready" plot of property upon which the Foundation intends to build the William Jefferson Clinton Presidential Library (hereinafter the "Library").

8. The Defendant, William Jefferson Clinton Presidential Foundation is a private foundation whose purpose is to secure and acquire property rights to a presidential library site, raise funds and to build the William Jefferson Clinton Presidential Library, and ultimately turn over portions of the Library and Archives to the National Archives and Records Administration (NARA).

9. The Defendant National Archives and Records Administration (NARA) is a federal entity whose purpose includes the administration of presidential libraries and the safeguarding and preservation of governmental and presidential documents and artifacts, and who has an obligation under Title 44, USC 2112, to review and report to Congress on plans and diagrams for proposed presidential libraries.

10. There presently exist plans, diagrams, proposals and concepts regarding the Library prepared by the Foundation, which appear at the Clinton Library website, and which have been advanced to the City in the Foundation's response to Request for Proposal (RFP) and shared with selected members of the public at various times.

11. The City has required the Foundation to abide by the Architectural Design Standards for Presidential Libraries, which includes requirements that NARA be consulted during the earliest design and planning stages. The NARA guidelines make clear that such reviews are mandatory, and it is believed that the process of federal review by NARA of the proposed Clinton Library design plans has already occurred, and will continue to occur during the course of the building of the Clinton Library and Archives.

12. The City, the Foundation and NARA have all failed to abide by the spirit and letter of the National Historic Preservation Act, section 106, in that they have not commenced a 106 review process, have not designated a Lead Federal Agency as that term is used under the NHPA, have not conferred with other federal agencies as provided for under the NHPA, have not included the public or interested parties in the early planning stages where concerns over the proposed demolition of the Choctaw Freight Depot could be voiced, and have otherwise have not complied with the NHPA.

13. The U. S. Army Corps of Engineers will have to issue a permit, to either the City or the Foundation regarding the construction of facilities in close proximity to the navigable waterway known as the Arkansas River. Plaintiffs believe that granting such a permit without the City or the Foundation having undergone the NHPA, section 106 review process would adversely affect the historic Choctaw Freight Depot, a clear historic property, which could be eligible to be listed in the National Register of Historic Places, and the Corps has failed to confer with the other federal agencies to take into account this adverse effect prior to issuing their permit. The State Historic Preservation Officer (SHPO) should be afforded the opportunity to determine whether the Clinton Library construction project as a whole would adversely affect the historic Choctaw Freight Depot and the other historic structures on the site as well as whether there are archaeological sites on the Library grounds.

14. The Army Corps also violated its own regulations by arbitrarily and unlawfully failing to issue a public notice, and by failing to require the applicant to include in a single permit application all activities which the applicant plans to undertake which are reasonably related to the same project and for which a Corps permit would be required.

15. Plaintiffs seek declaratory and injunctive relief to declare the proposed demolition of the Choctaw Freight Depot unlawful and not in compliance with the provisions of NHPA, section 106, and to prohibit the Corps, or any other Federal agency or entity from issuing any further permits to the City of Little Rock or to the William J. Clinton Presidential Foundation unless and until such time as the City, the Foundation and the Corps complies with the National Historic Preservation Act and with the Corps' own regulations.

16. Plaintiffs seek declaratory and injunctive relief to declare the proposed demolition of the Choctaw Freight Depot unlawful and not in compliance with the provisions of NHPA,

5

section 106, and to prohibit NARA, or any other Federal agency or entity from entering into Federal review of design and plans for the William Jefferson Clinton Library unless and until such time as the City, the Foundation and NARA complies with the National Historic Preservation Act and with NARA's own regulations.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, 28 U.S.C. § 1361, 16 U.S.C. § 470w-4, and 5 U.S.C. § 702. Venue is proper in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

## PARTIES

18. Plaintiff Friends of the Choctaw Terminal is a private, unincorporated organization whose purpose is to protect and defend Arkansas's and America's historic resources, specifically the Choctaw Railway Terminal complex. Friends of the Choctaw Terminal has approximately 25 individual members across the state of Arkansas.

19. The Friends of the Choctaw Terminal and its members are within the zone of interests intended to be protected by the National Historic Preservation Act, the Rivers and Harbors Act, and the Administrative Procedure Act. The Friends of the Choctaw Terminal members have an appreciation for and an interest in protecting the historic resources on the Clinton Library site, and their interest in protecting and appreciating those historic resources is threatened and adversely affected by the Defendants' actions and omissions complained of herein. The Friends of the Choctaw Terminal and its members are and will continue to be aggrieved and adversely

affected by the actions of the Defendants, and they have suffered and will continue to suffer injury in fact due to the Defendants' current, ongoing, and prospective failure to comply with the law.

20. The Arkansas Railroad Preservation and Historic Society is a private, unincorporated organization whose purpose is to protect and defend Arkansas's and America's historic railroad resources, and has a specific interest in preserving the Choctaw Railway Terminal complex. The Arkansas Railroad Preservation and Historic Society has approximately 15 individual members across the state of Arkansas.

21. The Arkansas Railroad Preservation and Historic Society and its members are within the zone of interests intended to be protected by the National Historic Preservation Act, the Rivers and Harbors Act, and the Administrative Procedure Act. The Arkansas Railroad Preservation and Historic Society have an appreciation for and an interest in protecting the historic resources on the Clinton Library site, and their interest in protecting and appreciating those historic resources is threatened and adversely affected by the Defendants' actions and omissions complained of herein. The Arkansas Railroad Preservation and Historic Society and its members are and will continue to be aggrieved and adversely affected by the actions of the Defendants, and they have suffered and will continue to suffer injury in fact due to the Defendants' current, ongoing, and prospective failure to comply with the law.

22. Individual Plaintiff Robert G. Hooks is a lifelong, taxpaying resident of Little Rock, Arkansas who has an interest in preserving historic structures and specifically the Choctaw Freight Depot.

23. Individual Plaintiff Robert G. Hooks is within the zone of interests intended to be protected by the National Historic Preservation Act, the Rivers and Harbors Act, and the

Administrative Procedure Act. Individual Plaintiff Robert G. Hooks is and will continue to be aggrieved and adversely affected by the actions of the Defendants, and he has suffered and will continue to suffer injury in fact due to the Defendants' current, ongoing, and prospective failure to comply with the law. Individual Plaintiff Robert G. Hooks is a taxpayer who pays taxes to the City of Little Rock, Arkansas and objects to taxpayer money being used in part and in whole to demolish the Choctaw Freight Depot in apparent violation of the NHPA.

24. Defendant U.S. Army Corps of Engineers ("Army Corps") is a federal agency responsible for regulating all dredging and filling activities in navigable waters of the United States.

25. Defendant General Robert Flowers is Chief Engineer of the U.S. Army Corps of Engineers, and is sued in his official capacity.

26. Defendant Col. Benjamin H. Butler is District Engineer for the Little Rock District of the U.S. Army Corps of Engineers, and is sued in his official capacity.

27. Defendants Flowers and Butler are also responsible for ensuring that the permits issued by the Army Corps and its Little Rock District comply with the National Historic Preservation Act, the Army Corps' own regulations, and other applicable legal requirements.

28. Defendant John W. Carlin is Archivist of the United States and chief administrator of the National Archives and Records Administration, and is sued in his official capacity.

29. Defendant John W. Carlin is responsible for ensuring that the William Jefferson Clinton Library Foundation complies with Federal law and regulations as well as NARA regulations and the Architectural and Design Standards for Presidential Libraries in the design and construction of the William Jefferson Clinton Library.

30. Defendant City of Little Rock, Arkansas, is the owner of the property at 1115 East Second Street, which address is the May Supply Company Building that contains the historic Choctaw Freight Depot. The City is involved in negotiating a lease with the William J. Clinton Presidential Foundation of certain property to be the site of the William Jefferson Clinton Presidential Library, and has agreed to provide the property "site ready" which includes the demolition of the Choctaw Freight Depot.

## FACTS

31. On May 5, 1975, the Choctaw Passenger Depot was listed in the National Register of Historic Places.

32. The Choctaw Freight Depot was built at the same time as the Choctaw Passenger Depot, by the Choctaw, Memphis and Gulf Railroad, as the flagship buildings of the Choctaw Railway Line. These two structures are the last remaining buildings of the Choctaw Line in existence anywhere in the United States.

33. On March 23, 1991, the Arkansas Historic Preservation Program performed a survey of the Choctaw Route Freight Depot and noted that the building was built circa 1899, was a "historic building" and stated on the form that it was National Register listed.

34. On July 17, 2001 the City of Little Rock passed Ordinance No. 18,528, adopting the Little Rock Parks & Recreation Master Plan (City Master Parks Plan) which defined the boundaries of the Clinton Presidential Park as an approximately 28 acre parcel of property along the South bank of the Arkansas River just East of Interstate 30, which site includes both the Choctaw Passenger Station and the Choctaw Freight Depot.

35. Pursuant to the City Parks Master Plan, the City of Little Rock sought responses to a Request for Proposals (RFP) for the lease of property in the William Jefferson Clinton Presidential Park, in Bid No. 01-297.

36. On August 27, 2001, the William J. Clinton Presidential Foundation, through its president, James L. "Skip" Rutherford, submitted a Response to Request for Proposals for Lease of the William Jefferson Clinton Presidential Park, which stated, inter alia, that historic preservation is one of the "five major policy initiatives of the eight year Clinton Administration ...embodied in the design of the Clinton Presidential Center." The response also stated the Clinton Presidential Center would be "actively engaging the river itself" and "create a series of physical and visual connections...between the site and the Arkansas River" and continued extolling the connection between the Presidential Center and the Arkansas River, as providing contemplative space, walkways, fishing areas, riverfront festival areas, and include a "flexible landscape ampitheater" and lawn terraces that "will step down the re-made embankment to a series of riparian gardens enclosed from the river by the existing revetments." The response also noted that "The Foundation's proposal for the Clinton Presidential Center will comply with all Federal statutes and regulations applicable to the location, construction or operation of a presidential library, including without limitation those listed in the City's RFP." The response states that the intent of the Foundation is to certify the Clinton Presidential Library and Archives complies with NARA's established standards, and "The Foundation and its architects, engineers, and other professionals are coordinating closely with NARA to insure that the Clinton Presidential Center meets these requirements."

37. On October 19, 2001, Mayor Jim Dailey, wrote a letter to the Army Corps seeking a determination from the Army Corps that there were two "features" to the Clinton Presidential

10

Library and Museum, one feature was the "upland" portion, being the area of construction of the Library and Archives portion of the Clinton Presidential Center (which also is the area containing the Choctaw Freight Depot, but this fact was omitted from Mayor Dailey's letter) the second feature was the construction along the Arkansas River, and the letter stated that the riverfront portion was not critical to the project.  Mayor Dailey stated in the letter that the two "features" were not dependent upon the other that the secnd feature was not critical to the overall project, and the River feature might not even be built.

38. On November 5, 2001, the Army Corps, in a letter signed by Edward R. Watford, Acting District Engineer, addressing Mayor Dailey's November 19, 2001 letter, in reference to Permit No. 17387, determined that the Clinton Presidential Park property did not contain wetlands, and concurred in defining the area as having two distinct features, the "upland" portion of which was not in the permit area, and the riverfront area which would be in the permit area.  The Army Corps letter stated that the conclusions were based upon Mayor Dailey's letter of November 19, 2001 and the supporting project plans received October 30, 2001.

39. The Army Corps did not issue any public notice of their decision, nor invite any public response to Permit No. 17387.

40. On October 23, 2001, the Arkansas State Historic Preservation Officer (SHPO) wrote to Mayor Dailey, stating concern that the Choctaw Freight Depot might be torn down before the Section 106 review process is initiated, and offering assistance to assure "full compliance with federal law."

**COUNT I**
(Violation of Section 106 of the National Historic Preservation Act)

41. Plaintiffs repeat and reallege the foregoing paragraphs.

42. Section 106 of the NHPA, 16 U.S.C. § 470f, prohibits federal agencies from engaging in any federal undertaking (or federally assisted, licensed or permitted undertaking) unless the agency first (1) takes into account the potential effects of the undertaking on historic properties; and (2) affords the Advisory Council on Historic Preservation a reasonable opportunity to comment on the undertaking. Section 106 of the NHPA states:

> The head of any Federal agency . . . having authority to license any undertaking shall, . . . prior to the issuance of any license . . . , take into account the effect of the undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register. The head of any such Federal agency shall afford the Advisory Council on Historic Preservation . . . a reasonable opportunity to comment with regard to such undertaking.

16 U.S.C. § 470f.

43. The Army Corps' liability for issuance of a permit to the City of Little Rock or the William J. Clinton Presidential Foundation is an "undertaking" subject to the requirements of Section 106 of the NHPA.

44. The Choctaw Freight Depot, by virtue of its potential eligibility for listing in the National Register of Historic Places, is a "historic property" for purposes of Section 106 of the NHPA.

45. NARA, by virtue of its oversight role in reviewing plans and designs for the Clinton Library Center is a federal agency responsible under section 106 for the undertaking known as the Clinton Presidential Library Center, and as such has an obligation to seek a 106 review.

46. Denial of this temporary injunction would cause irreparable harm and damage to the historic structure known as the Choctaw Freight Depot.

## COUNT II

(Violation of the National Environmental Protection Act)

47. Plaintiffs repeat and reallege the foregoing paragraphs.

48. Defendants are in violation of NEPA, by not having performed an environmental impact statement or environmental assessment on the subject property.

49. Because the relief requested is in the public interest, and for the public good, it is requested that there be no bond required of the Plaintiffs.

50. There would be no hardship caused by the injunction as applied to the historical structure within the May Supply Building, because demolition of the surrounding warehouse structure can continue without affecting the historic structure.

WHEREFORE, Plaintiffs respectfully requests this Court to grant the following relief:

51. Adjudge and declare that Defendants have violated Section 106 of the National Historic Preservation Act;

52. Adjudge and declare that Defendants have violated the National Environmental Protection Act.

53. Adjudge and declare that Defendants have violated Army Corps regulations by failing to issue a public notice soliciting public comment.

54. Temporarily and permanently enjoin Defendants from issuing any permits to the City of Little Rock or the William J. Clinton Presidential Foundation, for any activities contemplated within the boundaries of the proposed the City of Little Rock Park known as the William Jefferson Clinton Library and Park, until such time as Defendants can demonstrate compliance with Section 106 the NHPA.

55. Enjoin the City of Little Rock from demolishing the Choctaw Freight Depot until such time as section 106 of the NHPA has been complied with in full.

56. Grant such injunction without the necessity of posting a bond.

13

57. Award Plaintiffs their attorneys' fees, costs, and disbursements, pursuant to 16 U.S.C. § 470w-4.

58. Award such other and further relief as the Court may deem appropriate.

DATED this 21st day of November, 2001.

Respectfully submitted,

_____
Gregory Ferguson
Attorney at Law
600 W. 4th Street
North Little Rock, AR 72114
374-3535

Pursuant to 28 U.S.C.A., sec. 1746, I, Robert G. Hooks, state that the information contained in this Declaration is true and correct to the best of my knowledge and belief.

_____   11-21-01
Robert G. Hooks                date

## CERTIFICATE OF SERVICE

I do hereby certify that on the 21st day of November, 2001, I delivered a true and correct copy of the above and foregoing Complaint by the method indicated, to the following counsel:

M. Jane Dickey    hand delivery
Rose Law Firm
120 E 4th
Little Rock, AR 72201

Tom Carpenter    hand delivery
City Hall
500 W. Markham
Little Rock, AR 72201

U. S. Army Corps of Engineers    hand delivery
700 W. Capitol
Little Rock, AR 72201

_____
Gregory Ferguson
Attorney at Law